CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 1 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Blank
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:96-CR-108 |
| | ) | |
| v. | ) | |
| | ) | |
| TROY LEE ALEXANDER, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Troy Lee Alexander, represented by counsel, filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 300 months to 188 months, which would result in his immediate release. ECF No. 246.[1] The government does not contest that Alexander is eligible for consideration of a reduction of his sentence, but argues that the court should decline to exercise its discretion to reduce his sentence because Alexander's offense conduct included shooting two people multiple times while they slept over a drug debt. Neither party requested a hearing. For the reasons set forth below, the court will exercise its discretion to **DENY** Alexander's request to modify his sentence.

I.

On May 28, 1997, pursuant to a written plea agreement, Alexander pleaded guilty to one count of conspiring to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF Nos. 68, 69, 242. Three other drug counts were dismissed. ECF No. 242. Based on at least two prior felony drug convictions, Alexander

---

[1] Alexander previously had filed a pro se motion to reduce his sentence. ECF No. 244.

was found to be a career offender. Id. According to the PSR, Alexander was accountable for at least 50 but less than 150 grams of cocaine base. Id.

Based on the amount of cocaine base, his base offense level was 32. He received a 2-point increase for use of a firearm during the conspiracy and a 3-point deduction for acceptance of responsibility, for a total offense level of 31. Id. However, his status as a career offender coupled with a conviction under 21 U.S.C. § 841(b)(1)(A) resulted in an offense level of 37, reduced to 34 for acceptance of responsibility. Id.; U.S.S.G. § 4B1.1(b)(1). With a criminal history of VI, his guideline range was 262-327 months. ECF No. 242; U.S.S.G. Ch. 5, Pt. A. On September 15, 1997, Alexander was sentenced to a term of 300 months to be followed by a 5-year term of supervised release. ECF No. 243. Alexander has served approximately 246 months and his projected release date is June 13, 2020. Id.

At the time Alexander was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (1996). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger

2

the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Alexander. Pursuant to the plea agreement where Alexander pleaded guilty to less than 150 grams of cocaine base, if the Fair Sentencing Act had been in effect at the time he was sentenced, Alexander would have faced a minimum sentence of 5 years and a maximum of forty years. 21 U.S.C. § 841 (b)(1)(B) (2018). In turn, that maximum sentence, coupled with his career offender status, would have resulted in a base level offense of 34 and a total offense level of 31. See U.S.S.G. § 4B1.1(b)(2); ECF No. 243. With a criminal history category of VI, the corresponding advisory range for offense level 31 is 188-235 months of imprisonment. ECF No. 243; U.S.S.G. Ch. 5, Pt. A.

The government argues that the court should decline to exercise its discretion to reduce Alexander's sentence because the PSR shows that he shot and injured two people while they were sleeping because they owed him $600 for a drug debt. ECF No. 242. Alexander pleaded

3

no contest to 2 counts of malicious wounding and use of a firearm in the Roanoke County Circuit Court and was sentenced on April 7, 1997 to 14 years imprisonment. Id. When Alexander was sentenced in federal court a few months later, the sentence was ordered to run concurrently with the 14-year state court conviction, but consecutive to an unspecified state court sentence imposed on March 10, 1997. See Minute Entry of September 15, 1997.

Although Alexander is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in Alexander's active sentence without further evidence as to his institutional record. Alexander's original sentence expressly considered the egregious violent act for which he was convicted in state court and the original sentencing judge was best situated to evaluate the evidence and impose a sentence appropriate to the circumstances. As such, absent compelling evidence that Alexander has abandoned his violent ways, the court is not in a position to reduce his sentence. See Sec. 404(c) of the First Step Act ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

### III.

For the reasons stated above, the court **DENIES** Alexander's motions to reduce his sentence, ECF Nos. 244 and 246. The court finds that the original sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order will be entered.

Entered: 05-01-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge