CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUL 06 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:96-CR-00108 |
| v. | ) |
| | ) |
| TROY LEE ALEXANDER, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Troy Lee Alexander's pro se motion for early termination of supervised release. ECF No. 260. For the reasons stated below, the court **DENIES without prejudice** Alexander's motion.

On May 28, 1997, pursuant to a written plea agreement, Alexander pled guilty to one count of conspiring to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Presentence Investigation Report (PSR), ECF No. 242 at 1. According to the PSR, Alexander shot and injured two people while they were sleeping because one of them owed him $600 for a drug debt. Id. ¶ 22. Alexander pled no contest to malicious wounding and use of a firearm in the Roanoke County Circuit Court and was sentenced on April 7, 1997, to 14 years imprisonment. Id. ¶ 57. On September 15, 1997, Alexander was sentenced in this court to a term of 300 months, to be followed by a 5-year term of supervised release. See Addendum to PSR, ECF No. 243. On December 23, 2019, Alexander was released from incarceration and began serving his term of supervised release. Req. to Modify Conds. of Supervision, ECF No. 258.

1

The court sought input from the United States Probation Officer who supervises Alexander. The officer advised that Alexander has maintained employment, is polite and respectful during encounters, paid off his financial obligations, and has had no positive drug screens. However, the officer expressed reservations about whether Alexander is a good candidate for early termination of supervised release, explaining that in February 2021, Alexander was charged with two counts of domestic violence in the Salem Juvenile and Domestic Relations Court, which deferred adjudication of the charges on the condition that he complete 24 months of probation and complete domestic violence counseling. Alexander completed the requirements and the charges were dismissed in March 2023. The probation officer also expressed concern for Alexander's living situation, which is unstable as he shuttles between his wife's home and the homes of his separated parents. Alexander's relationship with his wife is volatile, although the probation officer credited Alexander with handling arguments well as Alexander removes himself before the situation escalates into violence.

The government is opposed to early termination for Alexander, citing the serious nature of his offense, his long criminal history, and the domestic violence charge in 2021.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further

2

crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282–83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the releasee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Alexander was described as a "sub-distributor" for a large conspiracy that distributed a great deal of powder and crack cocaine in Roanoke, Virginia in 1995 and 1996. PSR, ECF No. 242 ¶¶ 11–31. On November 4, 1996, Alexander shot one of his co-defendants and his girlfriend while they were sleeping, and they were hospitalized with non-life-threatening injuries. Alexander shot them because the codefendant owed Alexander approximately $600 for cocaine base that had been fronted to him. Id. ¶¶ 22, 32. Given the destruction wrought by the illicit drug trade and Alexander's violent behavior when he was involved in the conspiracy, the court finds that the nature and circumstances of Alexander's offense weigh against early termination of supervised release.

Regarding Alexander's history and characteristics, prior to his arrest on the drug trafficking charges in early 1997, he had several convictions for violent and non-violent offenses, including distribution of cocaine, shooting a firearm in the city, assault and battery, brandishing a firearm, making threats over the phone, and possession of marijuana. Id. ¶¶ 49–56. Since being on supervised release, Alexander has been mostly compliant with the terms of supervision, although the allegations of domestic violence are concerning. The record shows that Alexander clearly was a violent and dangerous young man but has matured over time and appears to be able to refrain from violence. Still, at best, taking Alexander's history and characteristics as a whole, they are neutral regarding his request for early termination of supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having Alexander remain on supervised release will provide benefits to

4

both him and the public. Alexander has been mostly successful on supervised release with the structure and guidance he has received from his probation officer, but his term of supervision has not been without problems. Having Alexander continue supervised release will allow him to continue to benefit from the support and direction his probation officer provides and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established range of supervised release terms for the category of Alexander's offense, he faced a minimum statutory term of 5 years. Id. ¶ 119. This factor is neutral in the consideration of early termination. None of the remaining § 3553(a) factors weighs either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Alexander's supervised release, the court **DENIES without prejudice** Alexander's motion for early termination, ECF No. 260. The court is impressed with the strides Alexander has made toward becoming a productive and law-abiding person in the community. Nevertheless, the court remains concerned about the stability of Alexander's success given the domestic violence charges and his current precarious housing situation. Having Alexander remain on supervised release will provide him with an additional period of guidance and resources and also will serve to protect the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: July 6, 2023

Michael F. Urbanski
Chief United States District Judge

5